**SO ORDERED.**

**SIGNED this 12 day of May, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JOHN ROBERT LEWIS,                               CASE NO. 10-05185-8-JRL

   DEBTOR.                                                    CHAPTER 13

_____

**ORDER**

This matter came before the court on the chapter 13 trustee's motion to dismiss and the former chapter 7 trustee's motion to reconvert the case to a chapter 7 proceeding. A hearing was held on May 4, 2011 in Raleigh, North Carolina.

John Robert Lewis ("debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 29, 2010, and David Warren ("chapter 7 trustee") was appointed trustee. On October 22, 2010, this case was converted to a chapter 13 case and John Logan ("chapter 13 trustee") was appointed as the new trustee. On that same day, this court entered a consent order allowing the chapter 7 trustee's fees and expenses to be considered as an administrative claim under the debtor's chapter 13 plan. The debtor died prior to the scheduled section 341 meeting and was therefore unable to confirm a plan. The executor of the debtor's

estate, in her capacity as the debtor, is now proposing a 100 percent payout plan.

The Federal Rules of Bankruptcy Procedure provide that upon the death of a debtor, a chapter 13 case may proceed as though the death had not occurred "if further administration is possible and in the best interest of the parties." FED. R. BANKR. P. 1016. Normally, the death of a debtor will render the administration of a chapter 13 impossible due to a lack of regular income. A regular source of income is required for a debtor to be both eligible for relief under chapter 13 and to make the proposed plan feasible. See 11 U.S.C. §§ 109 and 1325(a)(6). In the present case, the executor's proposed plan calls for the debtor's wife and children to lease the debtor's residence from the executor, generating income and allowing for creditors to receive a 100 percent payout. This will make the administration of the plan possible and be in the best interests of all parties.

Based on the foregoing, the chapter 13 trustee's motion to dismiss is **DENIED**, contingent upon debtor's counsel promptly filing the new plan and the executor's attendance at the § 341 meeting. Furthermore, since the chapter 7 trustee's fees and expenses will still receive administrative priority under the chapter 13 plan, the chapter 7 trustee's motion for reconversion is **DENIED.**

**END OF DOCUMENT**